UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY ANGEL SALINA ARTERO, | Case No. 2:26-cv-00546-TMC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondents.[1] | |

## I.  INTRODUCTION AND BACKGROUND

Petitioner Tony Angel Salina Artero is a citizen of El Salvador who has been removed from the United States three times, following unlawful entries in 2010, 2011, and 2012. Dkt. 1 ¶ 2; Dkt. 5-5 at 11; Dkt. 6 ¶¶ 5–8. On an unknown date after his most recent removal in May 2012, he reentered the United States without inspection. Dkt. 5-5 at 2. On February 6, 2026, Immigration and Customs Enforcement ("ICE") officers apprehended him in Bellevue, Washington. *Id.* at 10. The Department of Homeland Security then reinstated his 2012 removal

---

[1] Julio Hernandez, Acting Field Office Director, Enforcement and Removal Operations, United States Immigration & Customs Enforcement, is substituted for Laura Hermosillo; Markwayne Mullin, Secretary, United States Department of Homeland Security, is substituted for Kristi Noem; and Todd Blanche, Acting United States Attorney General, is substituted for Pamela Bondi. Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to reflect these changes.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

order. *Id.* at 2; Dkt. 6 ¶ 10. He was thereafter transferred to the Northwest ICE Processing Center. Dkt. 1 ¶ 2; Dkt. 6 ¶ 11.

On February 13, 2026, Salina Artero filed a petition for writ of habeas corpus, arguing that his arrest and detention were unconstitutional and that his continued mandatory detention violates the Immigration and Nationality Act ("INA"). Dkt. 1. On March 3, Federal Respondents filed a return to the habeas petition. Dkt. 4. Two days later, Federal Respondents notified the Court that ICE intended to remove Salina Artero from the United States on or after March 7. Dkt. 9.

The habeas petition is now ripe for the Court's review.[2] For the following reasons, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Salina Artero challenges his detention on two grounds: first, that he is mandatorily detained in violation of the INA, and second, that his "stop, arrest, and continued detention . . . are violations of his due process rights under the Fourth and Fifth Amendments to the U.S. Constitution." Dkt. 1 ¶¶ 52–58. Neither argument warrants habeas relief.

---

[2] Salina Artero did not file a traverse within the deadline set by the Court. *See* Dkt. 2 ¶ 2.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

**A.    Salina Artero is lawfully detained under 8 U.S.C. § 1231.**

Salina Artero argues that Respondents have unlawfully subjected him to mandatory detention under 8 U.S.C. § 1225(b)(2) when he is instead subject to discretionary detention under 8 U.S.C. § 1226(a), which entitles him a bond hearing. Dkt. 1 ¶¶ 27–46, 52–54. But once a detainee's removal order is "administratively final," the mandatory detention provisions of 8 U.S.C. § 1231 govern his detention. 8 U.S.C. § 1231(a) (providing that "the Attorney General shall detain" a noncitizen "[d]uring the removal period," which begins on "[t]he date the order of removal becomes administratively final"). Here, Salina Artero is subject to a reinstated order of removal, so his confinement falls under § 1231(a). *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–35 (2021) (holding that a reinstated removal order is "administratively final" and thus subjects a noncitizen to mandatory detention under § 1231 rather than discretionary detention under § 1226(a)); *see* 8 U.S.C. § 1231(a)(5) (providing for reinstated orders of removal). His request for a bond hearing under § 1226(a) therefore fails.

**B.    Any claims related to an unlawful stop and arrest do not warrant release from custody.**

Salina Artero next argues that he was subject to a warrantless arrest without probable cause, violating his rights under the Fourth and Fifth Amendments to the Constitution. Dkt. 1 ¶¶ 10, 55–58. In civil as in criminal proceedings, "the 'body' or identity of a defendant or respondent . . . is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). As the Ninth Circuit has explained, "a defendant, including his identity, is properly before a court in a criminal or civil proceeding despite the initial illegal police action." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006). Thus, the legality of

Salina Artero's initial arrest does not provide this Court a basis for concluding that his current detention violates the INA or the Constitution.

### IV.   CONCLUSION

The petition for writ of habeas corpus (Dkt. 1) is DENIED.

Dated this 30th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4